Webster *v.* Enfield.

SAMUEL WEBSTER, appellant, *v.* JOHN ENFIELD, appellee.

*Appeal from Warren.*

Where one party is guilty of a failure to perform his part of a special agreement, whether sealed or not,—such a failure as prevents the other party from performing,—the latter may abandon the contract, and sue in *assumpsit* for what he has done under it, whenever that action might be maintained but for the special agreement.

The Court will not attempt to determine a question of fact, where the bill of exceptions does not purport to set forth all the evidence in the case.

Evidence tending to show what the parties to a contract considered a reasonable time, is proper for the consideration of the jury.

If evidence tends to prove two things, one of which is proper, and the other improper, it should go to the jury with an explanation from the Court of its legitimate bearing.

ASSUMPSIT, in the Warren Circuit Court, brought by the appellee against the appellant, and heard before the Hon. Norman H. Purple and a jury, at the November term, 1846, when a verdict and judgment were rendered in favor of the plaintiff below for $446·50.

So much of the evidence given on the trial in the Circuit Court and contained in the bill of exceptions as is material to the determination of the case, will be found embodied in the Opinion of this Court.

*R. S. Blackwell,* for the appellant.

1. Assumpsit upon a *quantum meruit* will not lie, where the parties have made a sealed agreement, under which the labor was done, (the work agreed to be done being in part finished,) though the plaintiff was prevented from fulfilling his undertaking by the defendant; but the action must be brought on the agreement itself. *Young* v. *Preston*, 4 Cranch, 239; *Wood* v. *Edwards*, 19 Johns. 205; *Andrews* v. *Montgomery*, ib. 162; *Toussaint* v. *Martinnant*, 2 Term R. 100–5; *Codman* v. *Jenkins*, 14 Mass. 95; 4 B. & P. 104; 1 M. & S. 573; 14 Mass. 93, 99; 5 Cowen, 195; *Hawkes* v. *Young*, 6 New Hamp. 300.

2. Where there is a special agreement which has been fully performed, or where defendant has prevented a per-

formance, plaintiff cannot maintain a general assumpsit, if the agreement was to pay in property and not in money. *Burlingame* v. *Burlingame*, 7 Cowen, 92; *Cochran* v. *Tatum*, 3 Monroe, 404; *Spratt* v. *McKinney*, 1 Bibb, 595; *Watson* v. *McNairy*, ib. 356; 1 J. J. Marsh. 394; 3 do. 689; *Clements* v. *Eslava*, 4 Porter, 502; 5 H. & I. 45; 14 Johns. 326.

3. The omission of defendant to furnish such lumber as was required in framing the timbers for the mill was at most but a breach of the contract, and plaintiff has his remedy by action. It is not every breach of a contract which will authorize the party not in fault to rescind, and sue on an implied assumpsit for his labor, &c. It is only where the act of the defendant is such as necessarily to prevent the other party from performing his part according to the terms of the agreement. *Selby* v. *Hutchinson*, 4 Gilm. 332–3; 4 ~~~~ 89; 34 Eng. Com. Law R. 160; 21 do. 250.

4. All antecedent and contemporaneous verbal agreements, conversations, &c., are merged in the written contract. *Lane* v. *Sharp*, 3 Scam.

*J. Manning*, for the appellee.

1. Where there has been a contract, whether under seal or not, and it is partially performed by one party and he is prevented from completing the performance of his part by the default of the other party, he may treat the contract as rescinded, and recover the value of what he has done in assumpsit. *Butts* v. *Huntley*, 1 Scam. 410; *Herrington* v. *Hubbard*, ib. 569; *Reed* v. *Phillips*, 4 do. 40; *Bannister* v. *Read*, 1 Gilm. 100; 10 Johns. 36; 4 Wend. 290; *Selby* v. *Hutchinson*, 4 Gilm. 328.

2. It is argued that evidence concerning the time when Webster was to have his saw mill done was improperly permitted to go to the jury; but this, with the explanation of the Judge accompanying it, was only evidence of what was a reasonable time within which Webster should complete his saw mill. And what is reasonable time may be a question for the jury to determine upon the facts of the case. 1 Starkie

on Ev. 450, *et seq. et in notis ;* *Eaton* v. *Southby,* Willes, 135; *Bell* v. *Wardell,* do. 202; 1 Starkie on Ev. 451, note (p); ib. 454, note.(u); *Hilton* v *Sheperd,* 6 East, 14, note; 2 Eng. Com. Law R. 152; 1 Starkie on Ev. 458–9; *Joy* v. *Sears,* 9 Pick. 4.

3. The bill of exceptions does not purport to set out all the evidence given in the case, and, therefore, a new trial cannot be granted on the ground that the verdict is against the weight of evidence. *Hall* v. *Rogers,* 3 Scam. 5; *Rowan* v. *Dosh,* 4 do. 461; *Bates* v. *Bulkley,* 2 Gilm. 394; *Granger* v. *Warrington,* 3 do. 310; 2 J. J. Marsh. 123.

*O. H. Browning* concluded the argument in behalf of the appellant.

The Opinion of the Court was delivered by

CATON, J. The law is too well settled in this State to admit of discussion by this Court, that when one party is guilty of a failure to perform his part of a special agreement, whether sealed or not, such a failure as prevents the other party from performing, the latter may abandon the contract, and bring assumpsit for what he has done under it, whenever that action might be maintained, but for the special agreement. *Selby* v. *Hutchinson,* 4 Gilm. 319 ; *Bannister* v. *Read,* 1 do. 100 ; *Reed* v. *Phillips,* 4 Scam. 40 ; *Herrington* v. *Hubbard,* 1 do. 969 ; *Butts* v. *Huntly,* ib. 413. Whether this action could be sustained depended upon the question of fact, whether the defendant had been guilty of such a violation of the contract, although, judging from the evidence sent up, we might be disposed to concur with the jury in their conclusion that the defendant was guilty of such violation, we are precluded from an examination of that question on account of the incomplete bill of exceptions found in the record. After setting forth certain testimony it proceeds : "And *defendant* avers that this bill of exceptions contains all the evidence offered or given on the part of the plaintiff to maintain the issues on his part. The evidence being closed, the plaintiff asked the Court to instruct

the jury," &c. It is impossible for this Court to determine understandingly, whether the facts were correctly found or not, unless we have all the evidence which was acted upon in the Court below. There is no pretence that any is given here except that introduced by the plaintiff, and before we could say that the finding was unsupported by the evidence, we should have to determine, judicially, that nothing could have come from the defendant's witnesses, which could have supported the finding. Besides, the Judge who tried the cause does not vouch for the truth of the averment, that all of the plaintiff's evidence is inserted. All that is affirmed by him is, that the *defendant avers*, that all the evidence for the plaintiff is given. With the repeated and explicit decisions of this Court on this subject it could not have been anticipated, either by the counsel who prepared this bill of exceptions, or by the Judge who signed it, that it would be understood here as containing all the evidence in the case.

The only remaining question is, whether the Court erred in permitting certain evidence to go to the jury. By the special contract proved, the defendant was to finish a certain saw-mill, then in progress of erection, within a reasonable time, by means of which he was to furnish certain sawed lumber to be used in the erection of the grist-mill. What was that reasonable time was an important inquiry for the jury. As tending to prove this, the plaintiff offered to show by one witness, that about the time the article of agreement was made, a little before or a little after, he, the witness, understood from the parties, that the saw-mill of Webster was to be started about the first of June, 1846 ; and by another witness, who had had a conversation with Webster, that he had told him that the saw-mill was to be started by that time. This evidence the Court permitted to go to the jury, at the same time stating, that it was only proper for the purpose of showing what the parties considered a reasonable time for the completion of the saw-mill. For this purpose we have no doubt the evidence was proper. It certainly was not admissible, to prove by parol, for the pur-

pose of varying the written agreement, a previous or contemporaneous understanding, different from that evidenced by the written contract, and for that purpose, that evidence would have been inadmissible. But there was another purpose for which this evidence was proper. If evidence tends to prove two things, one of which is proper and the other improper, it must go to the jury with an explanation from the Court of its legitimate bearing. From this testimony we learn that it was the expectation of the defendant that the saw-mill would be in operation by the first of June, 1846 ; and hence we may infer at least, that he thought that a reasonable time within which to finish it. This, taken only as the expression of an opinion, was not conclusive upon him like an express stipulation, but he was still at liberty to show that he was mistaken in that opinion—that untoward circumstances had prevented him from completing it within that time, as that it could not, with reasonable diligence, have been done so soon. This evidence may not have been sufficient, of itself, to have required the jury to find that till the first of June was a reasonable time ; but at least it was proper to be considered by them, in connection with the other evidence in the cause, to determine what was a reasonable time within which to complete the mill; and the Court took a very proper precaution to prevent its having an improper influence upon them, not only at the time the evidence was given, but subsequently in his instructions.

As we find no error in the record, the judgment must be affirmed with costs.

*Judgment affirmed.*